IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | § Civil Action No. § |
| HILL COUNTRY FARMS, INC., d/b/a HENRY'S TURKEY SERVICE | § § § COMPLAINT AND § JURY TRIAL DEMAND |
| Defendant. | § § |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to James Keith Brown and a class of other intellectually disabled employees (hereafter "Aggrieved Individuals") who were adversely affected by such practices. Specifically, the Plaintiff, United States Equal Employment Opportunity Commission (EEOC or Commission), alleges that the Defendant, Hill Country Farms Inc., d/b/a Henry's Turkey Service, (HCF/HTS) discriminated against James Keith Brown and other intellectually disabled individuals in their employment by subjecting them to unlawful harassment, discriminatory terms and conditions of employment and discriminatory wages in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by

reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Iowa, Davenport Division.

## PARTIES

3.  Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant, Hill Country Farms Inc., d/b/a Henry's Turkey Service continuously conducted business in Muscatine County in the State of Iowa, and had at least fifteen (15) employees through at least February 6, 2009.

5.  At all relevant times, Defendant, HCF/HTS, has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant, HCF/HTS, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, James Keith Brown, through his sister and legal representative, Sherri Brown, filed a charge with the Commission

alleging violations of Title I of the ADA by Defendant HCF/HTS. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, James Keith Brown and the Aggrieved Individuals have been qualified individuals with a disability covered by Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.*

9. Since at least February 2006, Defendant, HCF/HTS, engaged in unlawful employment practices at its West Liberty, Iowa, location, in violation of Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.* These practices include the following:

a. HCF/HTS subjected James Keith Brown and the Aggrieved Individuals to a hostile work environment based on their intellectual disabilities. Specifically, Mr. Brown and the Aggrieved Individuals were subjected to severe or pervasive unwelcome conduct, both verbal and physical. This conduct included, but was not limited to, being subjected to derogatory and humiliating name-calling based on their disability. The physical conduct included unwelcome physical contact such as being hit and kicked by HCF/HTS employees responsible for supervision. This treatment adversely affected the terms and conditions of employment of James Keith Brown and the Aggrieved Individuals. Defendant further failed to enact effective measures to prevent and correct such harassment.

b. HCF/HTS discriminated against James Keith Brown and the Aggrieved Individuals with regard to the terms, conditions and privileges of their employment based on their disability. This discriminatory treatment included, but was not limited to relegation to substandard living conditions, inadequate attention given to illness and injuries, imposition of excessively harsh discipline, restrictions on freedom of movement and communication, and discriminatory job assignments. For example, at times disabled employees were subjected to mistreatment

including, but not limited to being restrained or confined to rooms, being subjected to excessive punishment and being denied restroom breaks. Injuries and complaints of pain or requests for medical attention or doctor visits were ignored by Defendant in several instances.

    c. HCF/HTS discriminated against James Keith Brown and the Aggrieved Individuals with regard to their wages and benefits based on their disability. Specifically, James Keith Brown and the Aggrieved Individuals were discriminated against when Defendant paid them wages of only $60 to $65 per month for working at least 35 per week. Defendant was able to pay these unconscionable wages by taking advantage of Mr. Brown and the Aggrieved Individuals' intellectual limitations. In addition to evidencing discriminatory treatment against disabled individuals, these wages were discriminatory when compared to the higher wages paid to non-disabled workers at the same facility who held the same or similar positions. Further Defendant's claims that HCF/HTS should be credited with offsets or credits to include exceptions allowed under federal minimum wage laws and, and the use of Social Security benefits, are not supported by accounting records, documents or other evidence of compensation sufficient to account for deficits in pay and total compensation.

    10. The effect of the practices complained of in paragraph 9 above has been to deprive James Keith Brown and the Aggrieved Individuals of equal employment opportunities and to otherwise adversely affect their status as employees because of their intellectual disabilities.

    11. The unlawful employment practices complained of in paragraph 9 above were intentional.

    12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of James Keith

Brown and the Aggrieved Individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, HCF/HTS, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any employees because of disability, by subjecting them to a hostile work environment, subjecting them to discriminatory terms and conditions of employment, by paying them discriminatory wages, and by engaging in any other employment practice which discriminates on the basis of disability;

B.  Order the Defendant to make whole James Keith Brown and the Aggrieved Individuals by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

C.  Order Defendant, HCF/HTS, and any successor employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to training all managerial, supervisory and non-supervisory employees regarding the ADA and posting notices regarding its compliance with the ADA. The EEOC seeks court and EEOC monitoring of Defendant's practices in the future with regard to its treatment of disabled employees.

D.  Order Defendant, HCF/HTS, to make whole James Keith Brown and the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9, including, but not limited to

any relocation expenses, job search expenses, medical expenses, and/or value of other sources of income and benefits in amounts to be determined at trial.

E. Order Defendant, HCF/HTS, to make whole James Keith Brown and the Aggrieved Individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant, HCF/HTS, to pay James Keith Brown and the Aggrieved Individuals punitive damages for its malicious or reckless conduct, as described in paragraph 9 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2750 (telephone)
(214) 253-2749 (facsimile)