IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 3:11-CV-00041 TJS |
| HILL COUNTRY FARMS, INC., d/b/a HENRY'S TURKEY SERVICE, | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MOTION TO COMPEL DISCOVERY AND INCORPORATED BRIEF**

COMES NOW the Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, and hereby requests this Court to compel discovery described as follows.

**I.    BACKGROUND**

The Commission brings this action under the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Civil Rights Act of 1991, alleging that the Defendant, Hill Country Farms, Inc., d/b/a Henry's Turkey Service ("Defendant"), discriminated against James Keith Brown and a class of intellectually disabled employees by subjecting them to unlawful harassment, discriminatory terms and conditions of employment, and discriminatory wages in violation of the ADA. The EEOC seeks, among other things, back pay and injunctive relief.  The EEOC also seeks compensatory and punitive damages and contends that the employment practices complained of were done with malice or with reckless indifference to the federally protected rights of James Keith Brown and a class of intellectually disabled employees.

On April 20, 2012, EEOC served upon Defendant a Rule 30(b)(6) Deposition Notice with an attached request for documents, which included those related to the financial condition and net worth of Defendant. (Exhibit "A"). The document request that was attached to the deposition notice was akin to a request for production under Fed. R. Civ. P. 34, with the EEOC noticing the deposition and request for production 32 days after service of the notice. On May 4, 2012, the EEOC sent an e-mail to counsel for Defendant, David Scieszinski, to inquire as to the identity of the individual whom Defendant would designate as its representative at the 30(b)(6) deposition scheduled for May 22, 2012. (Exhibit "B" - Affidavit of Robert Canino, with attachments). Although the Commission requested a response from counsel by May 7, 2012, none was forthcoming. When the EEOC attempted unsuccessfully to reach Defendant's counsel by telephone the week of May 7; however, the line continually indicated it was busy. (*Id*). On the morning of May 11, the EEOC, once again, tried to contact counsel by e-mail and correspondence in an attempt to learn the identity of the company representative to be designated for the 30(b)(6) deposition. (*Id*). Later that day, on the afternoon of May 11, 2012, the attorneys were finally able to confer, and defense counsel informed EEOC that Defendant's designated representative for the 30(b)(6) deposition would be company President Kenneth Henry ("Mr. Henry"). (*Id*).

On May 11, 30(b)(6) deposition, the EEOC and counsel for Defendant discussed the upcoming deposition. During this conversation, counsel informed the EEOC that he would "probably" object to "some of the things" listed in the Commission's 30(b)(6) document request such as "income tax returns" with respect to documents related to Defendant's "wealth" on the basis of privilege and relevance. Despite defense counsel's articulated concern regarding the Commission's document request, Defendant neither filed a motion for a protective order to limit

the scope of the 30(b)(6) deposition, nor moved to quash the EEOC's 30(b)(6) deposition or document request.

On May 23, 2012, the EEOC was scheduled to conduct a Rule 30(a)(1) deposition of Kenneth Henry, as well as a follow-up deposition pursuant to Rule 30(b)(6), since counsel informed the EEOC that Mr. Henry was the person designated by Defendant for this deposition. However, on the day the 30(b)(6) deposition was to be conducted, Mr. Henry was asked by the EEOC attorney whether he had knowledge that this second deposition would be taken and whether he had, in his possession, the documents requested in the EEOC's April 20 Notice. Mr. Henry informed the EEOC that he had not been notified of this deposition by defense counsel, and was not prepared to be deposed as the designated corporate representative. He also stated that he had not brought any of the documents identified in the 30(b)(6) deposition Notice. (Exhibit "B" – Affidavit of Canino, with attachments)  Later in the day, when the EEOC asked defense counsel about Mr. Henry's representations that he was not prepared for the 30(b)(6) deposition and had not brought documents responsive to the Notice, Mr. Scieszinski confirmed that he did not have Mr. Henry bring the requested documents to the 30(b)(6) deposition because wished to assert an objection to the documents and testimony sought on the basis of relevance and privilege.

The positions of the parties were made part of the record at the conclusion of Mr. Henry's 30(a)(1) deposition. (Deposition of K. Henry pp. 165-169, attached hereto as Exhibit "C").[1]   At that time, Defense counsel stated that he had not had sufficient time to make his objection to the production of the documents. EEOC attorney Canino stated on the record that he would consider a motion to compel after conferring further with defense counsel. (*Id*).

---

[1] By agreement of the parties, Defense counsel Scieszinski was defending the depositions of Hill Country Farms, Inc. representatives being conducted in Waco, TX, by telephone from his office in Wilton, IA.

To the surprise of EEOC counsel, after two weeks following the date of the subject deposition, Defendant neither filed a motion for a protective order, nor made any effort to contact EEOC counsel for conferencing the issues as required by the Local Rules prior to the filing of a motion to quash the deposition.

## II.   GOOD CAUSE EXISTS FOR THE DELAYED FILING OF THE EEOC'S MOTION TO COMPEL

The EEOC has good cause for filing this Motion to Compel just seven days after the deadline to file such motions. Under Rule 37(c) of the Local Rules for the Southern District of Iowa, a party must file a motion to compel within 14 days after the discovery deadline, *unless* good cause can be shown. In this particular case, the discovery period closed on May 23, 2012, the date of the discovery dispute that gives rise to the instant motion. Under the Local Rule, a motion to compel would ordinarily have been filed no later than June 6, 2012. In this case, the EEOC is filing this motion on June 13, 2012, and can show good cause and good faith for the short delay in submitting this motion for the Court's consideration.

On May 23, 2012, the day that the EEOC was scheduled to take the 30(b)(6) deposition of Mr. Henry, counsel for Defendant informed the EEOC that he intended to object to the documents requested by the Commission as part of this deposition, but had not been able to do so before May 23. (Exhibit "C"). Although counsel did not identify a specific time frame by which he intended to file a formal objection, counsel for the EEOC stated that a determination of whether a motion to compel would be filed would be made after further conferring on the filing of such objections. (*Id.*) Based on Defendant's representation that objections to the EEOC's 30(b)(6) document request would be filed, presumably within a short time after May 23, the Commission patiently awaited conference and/or filing of a motion so as to ascertain its need, if any, to file a motion to compel before proceeding with the deposition.  The EEOC attorney

reasonably believed, that the there was a prospect for an agreement that would serve the interests of the respective parties since counsel had reached agreements surrounding depositions during the course of the litigation.  However, not hearing anything from Defendant, the EEOC finally contacted counsel for the company on Wednesday, June 13, 2012, to inform Defendant that it had not been made aware of any objections or motion for protective order filed by the company. When counsel for Defendant indicated to the EEOC that he intended to stand on his prior objections and would not agree to a rescheduling of the deposition, the Commission informed counsel, that given the impasse, it would file a motion to compel on the 30(b)(6) deposition and the documents requested as part of this proceeding.  Defense counsel stated that he understood. (See Declaration for Motion to Compel attached hereto).

     Support for the EEOC's good cause showing for the short delay in filing this motion can be drawn from the federal district court from the Northern District of Iowa and its application of Local Rule 37(c). In *Ind. Risk Insurers v. D.C. Taylor Co*., 2008 WL 2219932 (N.D. Iowa 2008), the court considered whether good cause existed for plaintiff's filing of its motion to compel 62 days after the discovery deadline. In that case, plaintiff served a request for production upon defendant, which was not responded to until after discovery closed. When defendant finally submitted its responses to plaintiff, the motion to compel was filed several days later. The court, in finding that good cause was shown by the plaintiff for the delay in filing the motion to compel, pointed to the defendant's delinquence as the reason for the delay. Such delay or delinquence and the EEOC's good faith reliance on the representation by Defendant (regarding not having enough time to assert objections) can be attributed to the Defendant in this case.  The EEOC should not now be penalized by being disallowed to complete the timely-scheduled discovery, due to the circumstances of the events on the last day of the discovery period.

Here, the EEOC relied upon Defendant's representation on May 23 – the day of the 30(b)(6) deposition and the last day of discovery – that it would file an objection to the EEOC's 30(b)(6) document request. When no objection was filed for a period of time after the discovery deadline, the EEOC proceeded to confirm this fact and has immediately initiated a conference with defense counsel in anticipation that EEOC might be forced to file a motion to compel after all. As a result of Defendant's decision or failure to follow through on its representation about filing an objection to the document request, the EEOC's filing of a motion to compel was understandably delayed. Further, Defendant is not prejudiced by the timing of and Order of the Court which so closely follows the close of the discovery period, months before the scheduled trial ready date in October 2012.[2] Based on the unique circumstances described above, the EEOC respectfully requests the Court to find that good cause has been sufficiently demonstrated to allow an exception to the applicable Local Rule, and to permit the slightly delayed filing of the EEOC's Motion to Compel for the Court's consideration.

### III. DEFENDANT FAILED TO PROPERLY OBJECT TO THE EEOC'S 30(b)(6) DEPOSITION AND DOCUMENT REQUEST

In this case, Defendant failed to employ the proper procedure for objecting to the EEOC's 30(b)(6) deposition and document request. When a party wishes to assert an objection to a discovery request – including an objection to a 30(b)(6) deposition and/or a document request -- the correct method to do so is via a motion for a protective order. Fed. R. Civ. P. 26(c); *see also e.g., Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002); *Am. Gen. Life Ins. Co. v. Billard*, 2010 WL 4367052 (N.D. Iowa 2010); *Ehler v. Wheaton Franciscan Med. Plan*, 2009 WL 722065 (N.D. Iowa 2009).

---

[2] Further evidence of the lack of any prejudice caused to the Defendant by allowing the filing of the Motion to Compel is the fact that the Defendant has conducted no discovery requests of any kind, whether written or by deposition, throughout the life of the litigation.

In this case, Defendant failed to file a motion for a protective order with respect to the EEOC's 30(b)(6) deposition and document request. Defendant's only expression of concern regarding the 30(b)(6) deposition and/or the documents requested by the EEOC in conjunction with this deposition, was a nebulous, verbal indication to the EEOC that he would "probably" object to some of the document request as irrelevant based on the prospect of bifurcated proceedings on punitive damage claims. In that conversation, memorialized by e-mail correspondence of May 11, 2012, the EEOC attorney articulated that any issue regarding order of proceedings did not preclude discovery of information relevant to claims on damages. (Exhibit "B" – Affidavit of Canino, with attachments)  Nevertheless, the EEOC attorney suggested that defense counsel provide legal authority for its argument regarding discovery so that the matter could be discussed further. (*Id*). Defendant, however, never informed the EEOC at any time before the last day of the discovery period that Defendant was withdrawing Henry as the company's designated representative, it never told the EEOC that it would refuse to comply with the Deposition Notice in its entirety, and it never formally objected to any part of the EEOC's 30(b)(6) deposition and document request. Such conduct, including the apparent decision by Defendant not to further confer or to file any objection with the Court, understandably led the EEOC to believe that the 30(b)(6) deposition was moving forward.  The EEOC was prepared to depose Defendant's designated representative, Kenneth Henry, on May 23, 2012.  Thus, it was completely unexpected for the EEOC when Mr. Henry informed the attorney on May 23, that he had no knowledge of the deposition, was not prepared to testify, and had not brought any of the requested documents to the proceeding.

Based on the Defendant's failure to comply with the Federal Rules of Civil Procedure, the EEOC respectfully requests that this Court order Defendant to comply with the EEOC's

30(b)(6) deposition notice by having Mr. Henry (or another designated representative) testify at this deposition to be rescheduled at a mutually convenient time, and order Defendant to produce all the documents requested by the EEOC as part of this deposition.

Should the Court excuse Defendant's failure to properly object to the EEOC's 30(b)(6) deposition and document request, the EEOC, nevertheless, requests that this Court grant this Motion to Compel both the deposition and the requested documents. To support its position, the EEOC states as follows.

### IV.     GENERAL DISCOVERY STANDARDS

The EEOC is entitled to request documents and inquire about Defendant's financial condition, net worth, assets held and transferred, and compensation packages for its officers during the 30(b)(6) deposition. The language of Federal Rule of Civil Procedure 26(b) permits discovery "regarding any matter not privileged, which is relevant to the subject matter of the pending action."  Rule 26(b) further provides that discovery is not limited to admissible evidence only, but also includes anything that "appears reasonably calculated to lead to the discovery of admissible evidence." Relevance has been construed in extremely broad terms: information is relevant if it "encompass[es] any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 300 (1973).  Thus, any matter not privileged is discoverable so long as it is reasonably calculated to lead to discoverable evidence, regardless of whether the matter is itself relevant or whether the relevant evidence is admissible. *Id.*

### V.  DOCUMENTS REGARDING DEFENDANT'S FINANCIAL CONDITION AND NET WORTH ARE DISCOVERABLE AND SHOULD BE PRODUCED

The EEOC requested the following documents from Defendant, which were not produced at the May 22, 2012, 30(b)(6) deposition of designated representative Kenneth Henry:

FOR EACH YEAR FROM 2007 TO THE PRESENT:

1. Federal tax returns for Defendant

2. Profit and Loss Statements for Defendant

3. Contracts for sale of each property, building, or other asset sold by Defendant

4. Documents showing transfer of any and all property or asset of Defendant, including content as to nature of the transfer or transaction, parties, and consideration paid, if any.

5. Documents showing any distribution of proceeds from the Defendant's bank accounts or assets to it officers, former officers, or the estates or survivors of officers or former officers.

6. Payroll or other documents reflecting the payment of salaries or other compensation by Defendant corporation to officers or former officers.

(Exhibit "A"). The EEOC is entitled to these documents because it is seeking punitive damages in this action.  Punitive damages are available to plaintiffs in ADA civil rights actions under explicit statutory language in the ADA, as amended in 1991 when the right to a jury trial was added to the law:

> A complaining party may recover punitive damages under this section against a respondent… if the complaining part demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected

9

rights of an aggrieved individual.

42 U.S.C. Sec. 1981a(b)(1). As such, the EEOC is entitled to present evidence of Defendant's financial status to the jury in order to enable the jury to assess the amount of punitive damages that is warranted if the EEOC establishes that the Defendant acted with malice or with reckless indifference to the federally protected rights of James Keith Brown and a class of intellectually disabled employees. In instances where a claimant seeks punitive damages, a defendant's financial condition is relevant to the subject matter of the action and thus is an appropriate subject of pretrial discovery.  *See e.g., Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 803 (8th Cir. 2004) (net worth of a defendant relevant when determining the extent of punitive damages necessary to punish and deter the defendant). Evidence regarding the Defendant's financial condition, including but not limited to its net worth, is relevant and discoverable. Several courts have held that a defendant's financial status is relevant when a claim for punitive damages has been made.  *See also e.g., Benny M. Estes & Assoc., Inc. v. Time Ins. Co.*, 980 F.2d 1228, 1235 (8th Cir. 1992); *Watkins v. Lundell*, 169 F.3d 540, 546 (8th Cir. 1999) (the wealth of a defendant is an appropriate consideration for determining an award of punitive damages); *Eden Elec. Ltd. v. Amana Co., L.P.*, 258 F. Supp. 2d 958, 972 (N.D. Iowa 2003) (a defendant's wealth must be a consideration in calculating any punitive damage award).

In this case, documents relating to the financial condition of Defendant, including tax returns, profit and loss statements, documents reflecting assets held and sold, and payroll documents with officer compensation information, are relevant because they relate to the financial status of Defendant. And, in turn, the financial condition of Defendant is relevant with respect to the size of any punitive damages award that may be imposed by the jury.

Based on the Federal Rules of Civil Procedure and the case law, the EEOC is entitled to the financial documents requested as part of its 30(b)(6) deposition Notice. Moreover, the EEOC should be permitted to inquire into the areas outlined in this deposition notice, including the size of the company and its financial condition/net worth/officer compensation information, since this information is discoverable and clearly relevant to the punitive damages claim made in this action. This Court should compel the Defendant to produce the documents requested by the EEOC.

## LOCAL RULE 37(a) CONFERENCE FOR MOTION TO COMPEL

The parties have conferred and were not able to reach an agreement with regard to this discovery dispute. EEOC counsel has communicated with defense counsel in an attempt to resolve the matter or otherwise determine the respective position of the parties. The Declaration for Motion to Compel setting forth the description of the conference, pursuant to Local Rule 37(a) is attached hereto as Exhibit "D".

## CONCLUSION

For the reasons set forth above, the Commission respectfully requests the following:

1. That this Court order that the Rule 30(b)(6) deposition of Defendant's designated representative (Kenneth Henry or another representative designated by Defendant) take place in Dallas, Texas, on a date that is mutually convenient to the parties;

2. That this Court order that all the documents requested in the EEOC's 30(b)(6) deposition notice be produced by Defendant no later than fourteen (14) days from the date of the Court's Order, and that the EEOC be allowed to question Defendant's designated representative regarding the content of these documents at the

time of the deposition which is to be scheduled at a mutually agreeable time for the parties, but not more than thirty (30) days from the date of the Court's Order; and

    3.    That this Court award the EEOC its costs incurred for having to bring this motion.

Respectfully submitted,

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas  75202
TEL  (214) 253-2750
FAX (214) 253-2749

**CERTIFICATE OF SERVICE**

This is to certify that on June 13, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendant's counsel, who is an EFC registrant.

/s/ Robert A. Canino
Robert A. Canino