**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** |
| | ) ) | **3:11–CV–00041–CRW-TJS** |
| | ) ) | |
| **HILL COUNTRY FARMS, INC., d/b/a HENRY'S TURKEY SERVICE** | ) ) ) | |
| **Defendant.** | ) ) ) | |

_____)

## EEOC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DEFENDANT'S DENIAL THAT IT IS THE PROPER EMPLOYER AND INCORPORATED BRIEF

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"),  requests that all evidence, testimony and argument that Defendant, Hill Country Farms, Inc., d/b/a Henry's Turkey Service ("HCF/HTS" or "Defendant") related to Defendant's purported "factual issue" that it was not the employer in this case be excluded from trial. The issue of what entity was the employer in this case has been resolved and adjudicated.  Under collateral estoppel and res judicata principles the status of the Defendant as the employer is the law of this case and should not be subject to relitigation.

### Factual Background

The EEOC filed a Motion for Partial Summary Judgment on June 25, 2012 (Docket#21). In its motion, the EEOC requested a ruling on summary judgment that HCF/HTS engaged in unlawful and discriminatory practices against James Keith Brown and 31 other similarly-situated

intellectually disabled employees (hereinafter "the Claimants") in violation of the Americans

with Disabilities Act (ADA).  The EEOC asserted in its motion undisputed facts showing that

Defendant HCF/HTS was the employer of the Claimants under the ADA, including the fact that

the United States Department of Labor had determined that HCF/HTS was liable for violation of

the Fair Labor Standards Act with regard to the payment of wages to the Claimants; that the

Claimants were listed as employees of HCF/HTS on documents submitted to the Texas

Workforce Commission;  that HCF/HTS  completed W-2 federal tax forms for each Claimant;

and that in every particular way HCF/HTS controlled the day-to-day operations of the work

location, and, in this case, the very lives of the individual Claimants, who lived on Defendant's

premises.

Defendant did not resist EEOC's motion. On September 18, 2012, this Court issued its

Ruling Granting Plaintiff's Motion for Partial Summary Judgment (Docket #36, hereinafter

"Ruling").    In its Ruling, the Court stated that facts in the EEOC's Statement of Undisputed

Facts (Docket #21-3) "fully support" the Court's conclusion that the Plaintiff was entitled to

partial summary judgment against Defendant.  After citing at least 10 "dispositive facts"

demonstrating the control that HCF/HTS held over the Claimants, including direct supervision

on the processing line (Dispositive Fact #20); determination of where the Claimants worked

(Dispositive Fact #21);  providing their mode of transportation to the plant (Dispositive Fact

#24); preparation of time sheets and issuance of paychecks (Dispositive Fact #26); and the fact

that the workers were listed on Texas Workforce Commission reports and on W-2 tax statements

as employees of HCF/HTS; this Court concluded that "*HCF/HTS was the employer of all the*

*disabled workers, regardless of whether they were working at the West Liberty Foods processing*

*plant or at the Bunkhouse.*"  (Dispositive Fact #29)(emphasis added).   In granting summary

judgment in favor of the Plaintiff, this Court stated, "The undisputed facts establish, as a matter of law, the defendant employer Hill Country Farms, Inc., d/b/a/ Henry's Turkey Service ("HCF-HTS"), engaged in unlawful and discriminatory pay practices in violation of the Americans with Disabilities Act…"   Defendant was ruled liable for monetary relief to be awarded to the Claimants.   Finally, the Court ruled that the EEOC's wage claims were deemed "concluded and resolved. *Defendant is precluded from presenting any defenses to the wage violations claims that were the subject of the plaintiff's motion for partial summary judgment. Such defenses shall not be subject to re-litigation at trial or any further proceedings in this case."* (emphasis added) (Ruling, p. 12). Defendant did not file a motion to reconsider this Court's ruling nor did Defendant seek to appeal the Ruling.

Defendant has stipulated in the proposed Final Pretrial Conference Order in this case that "All findings of undisputed fact in the Court's Ruling on September 18, 2013, are applicable to the remainder of these proceedings." Yet, not abiding by its own stipulation, Defendant asserts as a "factual issue" in the Proposed Pretrial Order, that the jury is to decide: "Who was the proper employer at the work site in West Liberty, Iowa." Showing blatant disregard for the Court's prior disposition of the "employer" issue as a matter of law, the Defendant has most recently submitted its pretrial proposal for Stipulated Statement of the Case as the same legal argument that the Defendant is not the proper employer for purposes of liability.

The EEOC's pretrial preparation to proceed on the non-wage issues in this case has assumed that the trial would require almost twenty less witnesses and thousands fewer pages of document exhibits than had been anticipated prior to the disposition of the Partial Summary Judgment ruling finding the Defendant liable as the employer on wage exploitation issues. The streamlining of the case to focus on the remaining unresolved non-wage claims would be made

completely meaningless if the Defendant is not estopped from relitigating the same "employer" defenses at great expense of resources to the plaintiff and the Court.  The EEOC can, thus, reach no stipulation with the Defendant on the Statement of the case as proposed.  The EEOC would be greatly prejudiced in the presentation of its case at trial by the unexpected reframing of the issues sought to be relitigated by Defendant.

<u>**Analysis and Authorities**</u>

**I.      Employer Status Has Been Adjudicated**

"Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.,* 238 F.3d 975, 977 (8th Cir. 2001). Claim preclusion applies when there is a prior judgment rendered by a court of competent jurisdiction, that prior judgment was final and on the merits, and the prior judgment involved the same cause of action and the same parties or entities in privity with the parties. *Banks v. Int'l Union Electronic, Electrical, Tech., Salaried and Mach. Workers,* 390 F.3d 1049, 1052 (8th Cir.2004). Res judicata bars claims that were or could have been litigated in the earlier proceeding, *id.;...." Wedow v. City of Kansas City, Mo*., 442 F.3d 661, 669 (8th Cir. 2006).

Defendant should not be allowed to now relitigate the issue of whether it was the employer of the Claimants in this case.  The wage claim ruled on by this Court involved the same case and the same parties.  The Defendant was found liable under the ADA, the same statute that governs the remaining claims.  The granting of summary judgment became final when Defendant did not move for reconsideration or seek to file an appeal.

The evaluation of whether a company is an "employer" under the ADA is the same whether the claim is for wages or for any other type of discrimination, including the claims of hostile work environment and discriminatory terms and conditions of employment based on

disability that remain before this Court. There was a prior judgment rendered by this Court. That prior judgment was final and was even specifically and clearly deemed in the Ruling as not subject to relitigation by this Court in its prior ruling.  Litigation of this defense is barred by the principal of res judicata/claim preclusion.  Defendant should not be allowed to forward this defense at trial.

## II.      Relitigation of  Employer Status Should Not be Allowed Under Principles of Collateral Estoppel

Principals of collateral estoppel, or issue preclusion, bar Defendant from relitigation of the issue of whether Defendant is the employer of the claimants.  Collateral estoppel, or issue preclusion, precludes relitigation of identical issues of fact. *See Liberty Mut. Ins. Co. v. FAG Bearings Corp.,* 335 F.3d 752, 758 (8th Cir. 2003) (citing *Restatement (Second) of Judgments* § 27 (1982)).   Where the issue decided is identical to the issue Defendant would be required to establish in the present action, Defendant is collaterally estopped from relitigating the issue again.  *Perry v. Kunz,* 878 F.2d 1056. (8th Cir.1989).  Issue preclusion forecloses successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a prior judgment, whether or not the issue arises on the same or different claim.  *New Hampshire v. Maine,* 532 U.S. 742, 748-49 (2001).  "Under collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the same parties. *Montana v. United States,* 99 S.Ct. at 973. *Parklane Hosiery Co. v. Shore*, 99 S.Ct. 645, 649, n. 5, (1979)," cited in *Kremer v. Chemical Const. Corp*., 102 S.Ct. 1883, 1890 (1982).

The issue of whether the Defendant was the employer of the Claimants as that term is used under the ADA with regard to the EEOC's harassment and disparate treatment/terms and

conditions claims is identical to the issue of whether the Defendant was the employer of the

Claimants with regard to the EEOC's wage claim, which has been finally and fully resolved by

this Court.  Defendant's assertion of this defense at this juncture is an attempt to successively

litigate a defense "actually litigated and resolved in a valid court determination."  *New*

*Hampshire, supra*.  Under principles of collateral estoppel, Defendant is foreclosed from re-

asserting the "employer" defense and should be precluded from forwarding this defense at trial.

### III.     The Employer Issue is Not Relevant

Because the defense that Defendant is not the employer of the Claimants is no longer

before this Court, any attempt to introduce evidence or argument regarding this issue is

inadmissible as not relevant under Fed. R. Evid. 402, would only confuse the jury, and would

unduly prejudice the Plaintiff under Fed. R. Evid. 403.

### Conclusion

The Supreme Court has held that the invocation of the doctrines of res judicata and

collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s]

judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on

adjudication." *Allen v. McCurry*, 101 S. Ct. (411, 414 (1980)). The introduction to the

Restatement of Judgments opines that "[i]ndefinite continuation of a dispute is a social burden. It

consumes time and energy that may be put to other use, not only of the parties but of the

community as a whole." _Restatement, Supra, § 1_.  Allowing Defendant to propound this

defense at this time is barred by these historic principles, as well as federal evidentiary rules

regarding relevance.  As a practical matter, if the Defendant is permitted to  re-assert its "we are

not the employer" defense again, after multiple decisions to the contrary in state and federal

judicial forums and in the instant case on summary judgment, the Defendant will simply

continue in its undaunted refusal to acknowledge the authority of the court and to engage in a pattern of inexplicable recalcitrance.

WHEREFORE, the Plaintiff EEOC respectfully requests that the Defendant, counsel for the Defendant, and, through counsel, any and all witnesses, be precluded from the introduction of any testimonial or documentary evidence that would support the defense that Defendant is not liable for any of its acts or omissions because it is not the Claimant's employer.

## <u>CERTIFICATE OF CONFERENCE</u>

In accordance with Local Rule 7, this is to certify that counsel for Plaintiff EEOC and counsel for Defendant, conferred on this matter between April 8-10, 2013, in preparation of the Pretrial Conference Order.  The Plaintiff EEOC  discussed its objection on the issue of whether the "employer" defense is moot for purposes of trial. The dispute on the issue has been incorporated into the proposed Pretrial Conference Order.  Counsel for Defendant, opposes the relief sought herein and intends to continue to assert the defense.

Respectfully submitted,

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas  75202
TEL  (214) 253-2750
FAX (214) 253-2749

**ATTORNEY FOR PLAINTIFF
U.S.  EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

## CERTIFICATE OF SERVICE

This is to certify that on April 15, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendant's counsel, who is an EFC registrant.

David Scieszinski
Attorney for Hill Country Farms, Inc.
d/b/a Henry's Turkey Service
dvdls@netwtc.net

/s/ Robert A. Canino
Robert A. Canino