**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

      **Plaintiff,**

**v.**                                                                    **Civil Action No.
                                                                           3:11-cv-00041-CRW-TJS**

**HILL COUNTRY FARMS, INC., d/b/a
HENRY'S TURKEY SERVICE,**

      **Defendant.**

_____

**MOTION TO VACATE VOID ORDER ENTERED FOR LACK
OF PERSONAL JURISDICTION**

NOW COMES the Defendant, and moves this Court to vacate its Rule 23 Order filed 9/18/12 (Doc. #36).

1. That West Liberty Foods, Inc.(WLF) is a joint employer but has not been joined or served as a defendant in this case. Court lacks personal jurisdiction over WLF. 29CFR §791.2

2. Order filed 9/18/12 (Doc. #36) without personal jurisdiction of WLF is void.

"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878).

(World-Wide Volkwagen Corp. v. Woodson, 444 U.S. 286 (1980)

**Void judgment.** One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally.  Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, 1092.  One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree.  Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process.  Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901.

**Authorities on Void Judgments:**

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties.  See:

Wahl v. Round Valley Bank, 38 Ariz. 411, 300 P.955 (1931)

Tube City Mining & Millin Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914)

Millliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940)

A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attached at any time, in any court, either directly or collaterally, provided that the party is properly before the court.  See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999)

A void judgment is one which, from its inception, was a complete nullity and without legal effect.  See Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972)

A void judgment is one which from the beginning was complete nullity and without any legal effect.  See Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980)

Void judgment is one that, from its inception, is complete nullity and without legal effect.  Holstein v. City of Chicago, 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill. 1992).

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const Amend.5.  Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985).

The void judgment is one which from its inception, was a complete nullity and without legal effect, Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985).

A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a righ, of no legal force and effect whatever, and incapable on enforcement in any manner or to any degree.  Loyd v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala.Viv.App. 1985).  A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment, City of Los Angeles v. Morgan, 234 P.2d 319 (Cal.App. 2 Dist. 1951).

Void judgment which is subject to collateral attack, is simulated judgment devoid of any potency because of jurisdictional defects, Ward. V. Terriere, 386 P.2d 352 (Colo. 1963).  A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, Davidson Chevrolet, Inc. v. City and County of Denver, 330 P.2d 1116, certiorari denied 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed. 2d 629 (Colo. 1958).

Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved and such a judgment may be attacked at any time, either directly or collaterally, People v. Wade, 506 N.W.2d 954 (Ill. 1987).

Void judgment may be defined as one in which rendering court lacked subject matter jurisdiction, lacked personal jurisdiction, or acted in manner inconsistent with due process of law Eckel v. MacNeal, 628 N.E.2d 741 (Ill. App.Dist. 1993).

Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inhedrent power to make or enter particular order involved; such judgment may be attacked at any time, either directly or collaterally.  People v. Sales, 551 N.E.2d 1359 (Ill.App. 2 Dist. 1990).

Res judicata consequences will not be applied to a void judgment which is one which, from its inception, is a complete nullity and without legal effect, Allcock v. Allcock, 437 N.E.2d 392 (Ill.App.3 Dist. 1982).

Void judgment is one which, from its inception is complete nullity and without legal effect In Re Marriage of Parks, 630 N.E.2d 509 (Ill.App. 5 Dist. 1994).

Void judgment is one entered by court that lacks the inherent power to make or enter the particular order involved, and it may be attacked at any time, either directly or collaterally; such a judgment would be a nullity.  People v. Rolland, 581 N.E.2d 907 (Ill.App.4Dist. 1991).

Void judgment under federal law is one in which rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment, U.S.C.A. Const. Amend. 5 Hays v. Louisiana Dock Co., 452 N.E.2d 1383 (Ill.App. 5 Dist. 1983).

A void judgment has no effect whatsoever and is incapable of confirmation or ratification, Lucas v. Estate of Stavos, 609 N.E.2d 1114, rehearing denied, and transfer denied (Ind. App. 1 Dist. 1993).

Void judgment is one that from its inception is a complete nullity and without legal effect Stidham v. Whelchel, 698 N.E.2d 1152 (Ind. 1998).

Relief from void judgment is available when trial court lacked either personal or subject matter jurisdiction, Dusenberry v. Dusenberry, 625 N.E.2d 458 (Ind.App. 1 Dist. 1993).

Void judgment is one rendered by court which lacked personal or subject matter jurisdiction or acted in manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14, Matter of Marriage of Hampshire, 896 P.2d 58 (Kan.1997) Judgment is void if court that rendered it lacked personal or subject matter jurisdiction; void judgment is nullity and may be vacated at any time, Matter of Marriage of Welliver, 869 P.2d 653 (Kan. 1994).

A void judgment is one rendered by a a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process, In re. Estate of Wells, 983 P.2d 279, (Kan.App. 1999).

Void judgment is one rendered in absence of jurisdiction over subject matter or parties, 310 N.W.2d 502, (Minn. 1981).

A void judgment is one rendered in absence of jurisdiction over subject matter or parties, Lange v. Johnson, 204 N.W.2d 205 (Minn. 1973).

A void judgment is one which has merely semblance, without some essential element, as when court purporting to render it has no jurisdiction, Mills v. Richardson, 81S.E.2d 409 (N.C. 1954).

A void judgment is one which has a mere semblance, but is lacking in some

of the essential elements which would authorize the court to proceed to judgment, Henderson v. Henderson, 59 S.E.2d 227, (N.C. 1950).

Void judgment is one entered by court without jurisdiction to enter such judgment, State v. Blankenship, 675 N.E.2d 1303, (Ohio App. 9 Dist. 1996).

Void judgment, such as may be vacated at any time is one whose invalidity appears on face of judgment roll, Graff v. Kelly, 814 P.2d 489 (Okl. 1991).

A void judgment is one that is void on face of judgment roll, Capital Federal Savings Bank v. Bewley, 795 P.2d 1051 (Okl. 1990).

A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment, State v. Richie, 20 S.W.3d 624 (Tenn. 2000).

Void judgment is one which shows upon face of record want of jurisdiction in court assuming to render judgment, and want of jurisdiction may be either of persons, subject matter generally, particular question to be decided or relief assumed to be given, State ex re. Dawson v. Bomar, 354 S.W.2d 763, certiorari denied, (Tenn. 1962).

A void judgment is one which shows upon face of record a want of jurisdiction in court assuming to render judgment, Underwood v. Brown, 244 S.W.2d 168 (Tenn. 1951).

Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may

be attacked collaterally whenever and wherever it is interposed, City of Lufkin v. McVicker, 510 S.X.2d 141 (Twx.Civ.App.-Beaumone 1973).

A void judgment, insofar as it purports to be pronouncement of court, is an absolute nullity, Thompson v. Thompson, 238 S.W.2d 218 (Tex.Civ.App.-Waco 1951).

A void judgment is one that has been procured by extrinsic or collateral fraud, or entered by court that did not have jurisdiction over subject matter or the parties, Rook v. Rook, 353 S.E. 2d 756 (Va. 1987).

A void judgment is a judgment, decree, or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, State ex re. Turner v. Briggs, 971 P.2d 581 (Wash.App.Div. 1999).

A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud, In re Adoption of E.L., 733 N.E.2d 846, (Ill. APp. 1 Dist. 2000).

Void judgments are those rendered by court which lacked jurisdiction, either of subject matter or parties, Cockerham. v. Zikratch, 619 P.2d 739 (Ariz. 1980). Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally, Irving v. Rodriquez, 169 N.E.2d 145, (Ill. app. 2 Dis. 1960).

Invalidity needs to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record, Cockett Oil Co. v. Effie, 374 S.W.2d 154 (Mo.App. 1964).

Decision is void on the face of the judgment roll when form four corners of that roll, it may be determined that at least one of three elements of jurisdiction was absent: (1) jurisdiction over parties, (2) jurisdiction over subject matter, or (3) jurisdictional power to pronounce particular judgment had was rendered, B & C Investments, Inc. v. F & M Nat. Bank & Trust, 903 P.2d 339 (Okla.App.Div 3, 1995).

Void order may be attacked, either directly or collaterally, at any time, In Re Estate of Steinfield, 630 N.E.2d 801, certiorari denied, See also Steinfeld v. Hoddick, [513 U.S. 809](#) (Ill. 1994).

Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court, People ex. re. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App.2 Dist. 1994).

While voidable orders are readily appealable and must be attacked directly, void order may be circumvented by collateral attack or remedied by mandamus, Sachez v. Hester, 911 S.W.2d 173, (Tex.App. -Corpus Christi 1995).

Arizona courts give great weight to federal courts' interpretations of Federal

Rule of Civil Procedure governing motion for relief from judgment in interpreting identical text of Arizona Rule of Civil Procedure, Estate of Page v. Litzenburg, 852 P.2d 128, review denied (Ariz.App.Div. 1, 1998).

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, Orner. V. Shalala, 30 F.3d 1307 (Colo. 1994).

Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside, Jaffe and Asher v. Van Brunt, S.D.N.Y.1994, 158 F.R.D. 278.

A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen old wound and once more probe its depths. And it is then as though trial and adjudication had never been. Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97 (10/13/58).

Defendant prays that trial court declare the Order of 9/18/12 (Doc. #18) void.

      Respectfully submitted,

     /s/ David Scieszinski_____
      DAVID SCIESZINSKI   #000005005
      108 E. 4th Street
      P.O. Box 394
      Wilton, IA 52778
      563-732-2002
      Fax:  563-732-2069
      Email:  dvdls@netwtc.net
      ATTORNEY FOR  HILL COUNTRY FARMS,
      INC., et.al

## **CERTIFICATE OF SERVICE**

This is to certify that on April 19, 2013, I electronically transmitted the attached document to the Clerk of the Court using eh ECF system of filing, which will transmit a Notice of the Electronic Filing the Plaintiff's counsel, who is an EFC registrant.

ROBERT A. CANINO
Regional Attorney for
Equal Employment Opportunity
Commission Dallas District Office
Robert.canino@eeoc.gov

      \_\_/s/ David Scieszinski_____
      David Scieszinski