IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

RECEIVED
APR 3 0 2013
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

HILL COUNTRY FARMS, INC., d/b/a
HENRY'S TURKEY SERVICE,

    Defendant.

3-11-cv-41-CW-TJS

INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY, THE COURT NOW GIVES YOU THE FOLLOWING INSTRUCTIONS:

    Plaintiff Equal Employment Opportunity Commission (EEOC) has filed this civil action on behalf of thirty-two claimants who are former employees of defendant Hill Country Farms, Inc. d/b/a Henry's Turkey Services and on behalf of the public interest to enforce federal law that prohibits employment discrimination. It alleges that since at least February 7th of 2007 and through February 7th of 2009, Hill Country Farms violated federal law by discriminating against the claimants by subjecting them to terms and conditions of employment and/or a hostile work environment based on their disabilities.

    EEOC seeks a jury verdict and final judgment requiring defendant to pay compensatory and punitive damages to each of the claimants.

    Do not consider this summary as proof of any claim. Decide the facts from the evidence and apply the law which I will now give you.

INSTRUCTION NO.   1

My duty is to tell you what the law is.  Your duty is to accept and apply this law.

You must consider all of the instructions together because no one instruction includes all of the applicable law.

The order in which I give these instructions is not important.

Your duty is to decide all fact questions.

Do not be influenced by any personal likes or dislikes, sympathy, bias, prejudices, or emotions.

INSTRUCTION NO.   2

Whenever a party must prove something, they must do so by the preponderance of the evidence. A fact has been proved by the preponderance or greater weight of the evidence if you find the fact is more likely true than not true.

Preponderance of the evidence is evidence that is more convincing than opposing evidence. Preponderance of the evidence does not depend upon the number of witnesses testifying on one side or the other. Consider all of the evidence and decide what evidence is more believable.

No party need prove any fact by "proof beyond a reasonable doubt." That applies in criminal cases, not in this civil case.

INSTRUCTION NO.   3

You shall base your verdict only upon the evidence and these instructions.

Evidence is:

1. Testimony in person or by deposition.

2. Exhibits received by the Court.

3. Stipulations which are agreements between the attorneys.

Evidence may be direct or circumstantial.  The weight to be given any evidence is for you to decide.

The following are not evidence:

1. Statements, arguments, questions, and comments by the lawyers.

2. Objections and rulings on objections.

3. Testimony I told you to disregard.

4. Anything you saw or heard about this case outside the courtroom.

INSTRUCTION NO.     4    

You will decide the facts from the evidence.  Consider the evidence using your observations, common sense, and experience.  You must try to reconcile any conflicts in the evidence; but, if you cannot, you will accept the evidence you find more believable.

In determining the facts, you may have to decide what testimony you believe. You may believe all, part, or none of any witness's testimony.

There are many factors which you may consider in deciding what testimony to believe, for example:

1. whether the testimony is reasonable and consistent

   with other evidence you believe;

2. the witnesses' appearance, conduct, age,

   intelligence, memory, and knowledge of the facts; and

3. the witnesses' interest in the trial, their motive,

   candor, bias, and prejudice.

INSTRUCTION NO.     5

The parties have stipulated—that is agreed— that certain facts are established. You should, therefore, accept the facts in the stipulation as having been proved, with no additional evidence required.

INSTRUCTION NO. ____6____

During the trial of this case, certain testimony has been read to you by way of deposition, consisting of questions asked the witness and the witness's answers thereto under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility and weighed, insofar as possible, in the same way as if the deposed witness had testified from the witness stand.

INSTRUCTION NO.   7

You have heard evidence that certain witnesses made statements before this trial while under oath which were inconsistent with what the witnesses said in this trial.  You may consider these earlier statements as if they were made at this trial.  Decide whether to consider the earlier statements for any purpose and what weight to give them.

INSTRUCTION NO.     8    

You have heard testimony from expert witnesses. Persons who have become experts in a field because of their education and experience may give their opinion on matters in that field and the reasons for their opinion.

Consider expert testimony just like any other testimony. You may accept it or reject it. You may give it as much weight as you think it deserves, considering the witness's education and experience, the reasons for the opinion, and all the other evidence in the case.

INSTRUCTION NO.     9    

The parties to this lawsuit are an agency on behalf of individuals and a corporation.  Each has equal rights in Court.  This case should be determined by you with the same fairness and consideration as though it were a lawsuit between individuals, and no inferences are to be drawn against a corporation that would be improper in an action between individuals.

A corporation acts only through its employees and any employee of a corporation or agency may bind it by acts and statements made by employees while acting within the scope of the authority delegated them, or within the scope of the employee's duties.

INSTRUCTION NO.   10

Your verdict must be for the EEOC and against Hill Country Farms on the claim of disability discrimination if all of the following elements have been shown to be more likely true than not true:

1.  The claimants were persons with intellectual disabilities that substantially limited their ability to think, concentrate, read, communicate or perform another major life activity.

2.  Hill Country Farms subjected the claimants to one or more discriminatory terms or conditions of employment, including but not limited to the requirement that they live in substandard living conditions; the imposition of harsh discipline; the failure or refusal to allow access to adequate medical care, and/or inattention to illnesses and injuries; use of restraints, confinement and other constraints on freedom of movement and communication; and the denial of bathroom breaks.

3.  The claimants could perform the essential functions of their jobs.

4.  Hill Country Farms knew of the claimants' intellectual disabilities and these impairments were a motivating factor in its adverse treatment of them.

You may find that the claimants' disability was a motivating factor in their treatment by Hill Country Farms if it has been proved that the reasons Hill Country Farms stated for the treatment were not the real reasons, but are a pretext to hide disability discrimination.

If any of the above elements has not been proved, then your verdict must be for Hill Country Farms.

INSTRUCTION NO.      11

Your verdict must be for the EEOC and against the Hill Country Farms on the claim of harassment based on disability if all of the following elements have been shown to be more likely true than not true:

1. One or more of the claimants were subjected to physical and/or verbal harassment including but not limited to conduct such as derogatory or humiliating name-calling, verbal or physical threats or intimidation.

2. Such conduct was unwelcome; and

3. Such conduct was based on the disability of the claimants; and

4. Such conduct was sufficiently severe or pervasive that a reasonable person in the position of the claimants would have found their work environment to have been hostile or abusive; and

5. At the time such conduct occurred and as a result of such conduct, the claimants believed their work environment to be hostile or abusive.

If any of the above elements has not been proved, your verdict must be for Hill Country Farms on the claim of hostile environment harassment.

INSTRUCTION NO.     12    

If you find the EEOC is entitled to recover compensatory damages on behalf of one or more claimants, it is your duty to determine the amount. In so doing, you shall consider the following items:

Physical and mental pain and suffering from the date of the discriminatory conduct to the present time. Physical pain and suffering may include, but is not limited to, unpleasant feelings, body distress or uneasiness, bodily suffering, sensations or discomfort. Mental pain and suffering may include, but is not limited to mental anguish, nervousness, worry, anxiety, irritability, disappointment, depression, confusion, disorientation, apprehension, embarrassment, loss of enjoyment of life, a feeling of uselessness, or emotional distress.

The amount you assess for damages cannot be measured by any exact or mathematical standard. You must use your sound judgment based upon an impartial consideration of the evidence. Your judgment must not be exercised arbitrarily, or out of sympathy or prejudice for or against the parties.

You may allow the EEOC to recover only the compensatory damages proved by a preponderance of the evidence to have been caused by terms or conditions of employment of the employees at Hill Country Farms based on disability and/or a hostile work environment based on disability.

INSTRUCTION NO.     13

In arriving at an amount of damages you may not arrive at a figure by taking down the estimate of each juror as to an amount of damages and agreeing in advance that the average of those estimates shall be your amount of damages.

INSTRUCTION NO.   13.A

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff EEOC under Instruction No. 10 OR Instruction No. 11, then you must decide whether the Defendant Hill Country Farms acted with malice or reckless indifference to the claimants' right not to be discriminated against on the basis of a disability. The Defendant acted with malice or reckless indifference if the Plaintiff has proved that Defendant, through its management, knew that subjecting employees to a hostile work environment based on their disabilities, or subjecting the employees to discriminatory terms and conditions of employment, was in violation of the law, or if Defendant acted with reckless disregard for the law.

The terms "malice" and "reckless" focus on the state of mind of the Defendant. Malice and reckless indifference may be shown by demonstrating that an employer discriminated in the face of a perceived risk that its actions will violate federal law.

A claim for punitive damages may be defeated by demonstrating that the supervisors' discriminatory conduct was contrary to the employer's good-faith efforts to comply with the Americans with Disabilities Act. To satisfy the good-faith exception, however, the Defendant Hill Country Farms cannot simply show that it has adopted an anti-discrimination policy; Hill Country Farms must establish that, in good faith, it implemented and enforced its policies and procedures.

INSTRUCTION NO.   14

During the trial, you have been allowed to take notes. You may take these with you to the jury room to use in your deliberations. Remember, these are notes and not evidence. Generally, they reflect the recollection or impressions of the evidence as viewed by the person taking them, and may be inaccurate or incomplete.

INSTRUCTION NO.     15

I am giving you one special verdict form.  Once you have finished responding to the issues in the special verdict form in accordance with the instructions on that form, the form should be signed by the person you have selected to serve as foreperson.  You should then inform the court security officer that you have completed your deliberations on the verdict form.

INSTRUCTION NO.     16

Your responses to each of the special interrogatories must represent the considered judgment of each juror.  Your answers must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  An inconclusive trial is always undesirable.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with the other jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.

INSTRUCTION NO. ___17___

Your first duty upon retiring to the jury room for your deliberations is to elect one of your members foreperson of the jury. The person so elected is responsible for the orderly, proper and free discussion of the issues by any juror who wishes to express his or her views. He or she will supervise the balloting and sign the form or forms of verdict that are in accord with your decision and will also sign any written inquiries addressed to the Court. Requests regarding instructions are not encouraged. Experience teaches that questions regarding the law are normally fully covered in the instructions, and the jury is encouraged to examine them very carefully before making any further requests of the Court.

The attitude of jurors at the outset of their deliberations is important. It is seldom helpful for a juror, upon entering a jury room, to announce an emphatic opinion in a case or determination to stand for a certain verdict. When a juror does that at the outset, individual pride may become involved and the juror may later hesitate to recede from an announced position even when it is incorrect. You are not partisans. You are judges--judges of the facts. Your sole interest is to ascertain the truth.

_Charles R. Wolle_

CHARLES R. WOLLE, JUDGE

UNITED STATES DISTRICT COURT