IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | | |
| | | No. 3-11-cv-41-CRW-TJS |
| Plaintiff, | | |
| vs. | | FINAL JUDGMENT WITH INTEREST AND COSTS |
| HILL COUNTRY FARMS, INC., doing business as Henry's Turkey Services, | | |
| Defendant. | | |

On June 10, 2013, the Court held a hearing by telephone conference call to receive presentations of counsel on what Judgment shall be entered for the Plaintiff Equal Employment Opportunity Commission (EEOC) on behalf of the thirty-two claimants and against the Defendant Hill Country Farms, Inc., doing business as Henry's Turkey Services.

The Court grants the EEOC's requested judgment that includes calculated prejudgment interest and costs, but not its request for payment of the expert witness fees requested for Dr. Sue Gant. The Court is mindful of the EEOC argument, based on Nemmers v. City of Dubuque, 764 F.2d 502 (8th Cir. 1985), that Dr. Gant's expert testimony was crucial to the issues decided. But the EEOC has not borne its burden to show the claimants would not have prevailed in the case without the expert's testimony. The Court finds the record at trial would have led to the same verdicts even if Dr. Gant had not testified in person or by proffer of a deposition. See 28 U.S.C. § 1821; 42 U.S.C. § 2000e-5; F.R.C.P. 54 (d).

The Court now directs the Clerk of Court to enter this Final Judgment that decides

1

the amounts of all claimants' recovery of compensatory and punitive damages, interest on those damage amounts, taxable costs here determined, and stipulated injunctive relief. The Court finds credible the calculations of prejudgment interest and taxable costs (other than expert witness fees) presented in affidavits of paralegal Barbara Fuller and research analyst Charles McGhee, attached to the EEOC supplemental motion filed on June 6, 2013 (Docket # 106).

I. TERMS OF INJUNCTIVE RELIEF. Defendant shall immediately notify the EEOC in writing[1] if Defendant (1) begins to conduct business; (2) re-establishes itself under a different name and begins to conduct business; or (3) re-establishes itself as any other entity engaged in business activities similar to those conducted while named Hill Country Farms, Inc. or Henry's Turkey Services.

Defendant shall immediately give written notice to the EEOC if a successor company is established or if any other business entity becomes affiliated with Defendant with the intent of hiring employees directly or to provide contract labor. Notice of the matters described in this paragraph shall be given to the EEOC within thirty (30) days of Defendant's knowledge of any of the above matters. Upon receiving such notification from Defendant, the EEOC may petition the Court to enforce the Final Judgment against any or all parties contemplated to be engaging or re-engaging in a business related to the businesses of Hill Country Farms, Inc.

Defendant and any and all of its successor employers, subsidiaries, assigns, or affiliates as defined above, shall be permanently enjoined from discriminating against any job applicants and employees with physical, mental, or intellectual impairments, in violation of the

---

[1] All documents or other materials required by the terms of injunctive relief to be submitted to the EEOC shall be mailed to Robert A. Canino, Regional Attorney, EEOC Dallas District Office, 207 S. Houston St., 3rd Floor, Dallas, Texas 75202.

Americans with Disabilities Act of 1990, as amended.

If Defendant is to engage in business at any time in the future, or should the principals and/or owners of Defendant engage in business activities under a different corporate name, or if there should arise any successor employer of the Defendant, then within ninety (90) days of starting or restarting such business, the Defendant and any successor employer of the Defendant, will comply with the following:

    a.  Notify the EEOC in writing that the Defendant is now engaging in business activities. Defendant shall inform the EEOC of the name of the corporate entity, the name of the officers and executives, and the date and state of incorporation.

    b.  Defendant shall promulgate and implement the following written policies and procedures:

    (1) For employees to be able to report complaints of discrimination, harassment, or inability to access medical care, reasonable accommodations or support services (from federal, state or local governments, or from private or non-profit organizations) as a result of the employer's acts or omissions.  This policy and procedure will also provide the manner by which employees can request access to medial care or developmental support services.

    (2) For employees, including but not limited to supervisory personnel, to report to the company's officers or human resources staff what they believe to be discriminatory conduct, harassment, failure to make reasonable accommodations of disabilities, excessive discipline, or other forms of unfair treatment of intellectually or developmentally disabled employees.

    c.  All owners and all management and supervisory officials will receive a full day (6 hours minimum) of training regarding the Americans with Disabilities Act from a qualified

employment and labor law attorney or professional trainer annually for each of the first five years after the business is initiated or re-established.  The training will inform the management/supervisory employees of both the complaint policy/procedures for individuals who believe that they are being discriminated against, and the reporting policy/procedure by which Defendant's managers or supervisors report discrimination that they believe is being suffered by intellectually or developmentally disabled employees.

     d.   In addition to the training described above, annual training will also advise of the consequences imposed upon managers or supervisors for violating the Americans with Disabilities Act.  The training will include a specific discussion or instruction relating to harassment of persons with disabilities, the reporting requirements regarding complaints of harassment, and the appropriate investigation of hostile environment and harassment claims.  The training shall be at least two (2) hours in duration.  No less than ten days before the training is conducted, Defendant (or its successor or affiliate) will give written notice of the EEOC as to the date and location of the training, the name and qualifications of the person(s) providing the training, and the substance of the training.  All materials used in conjunction with the training shall be forwarded to the EEOC.  Within thirty (30) days following the training, Defendant shall submit to the EEOC confirmation that the training was conducted and a list of the attendees.

     e. Should Defendant or its successor employer hire or rehire intellectually or developmentally disabled employees at any time in the future, the Defendant or its successor employer will conduct a training of its management and supervisory staff that will include at least two (2) hours of content on the employees' abilities, disabilities, and suggested reasonable accommodations, as well as residential and employment supports available for the intellectually

or developmentally disabled employees. Within thirty (30) days following the training, the Defendant shall submit to the EEOC confirmation that the training was conducted, and a list of attendees.

      f.  If Defendant or its successor employs persons with intellectual or developmental disabilities, the employer shall retain a mental health professional, either internally within the entity or externally through contract, as a Consultant for any questions that arise regarding the intellectually or developmentally disabled employees.  For the first five years of business operations commenced by Defendant or its successors, the Consultant will interview all intellectually or developmentally disabled employees and provide detailed reports to the EEOC on a semi-annual basis (on June 1 and January 1 of each year), which shall include the following information: each employee's pay rate, a job title and brief description of job duties, and a record of responses to inquiries about any mistreatment or other complaints about working conditions.

      g.  Should any intellectually or developmentally disabled employee request a reasonable accommodation regarding the performance of his/her job, Defendant shall make an individualized assessment of the employee's request, and seek the Consultant's advice and participation in the interactive process to determine the appropriate reasonable accommodation. Each such requested accommodation shall be reported to the EEOC within fifteen (15) days of the request.  Within fifteen days of action on the accommodation request, the Defendant will report to the EEOC whether an accommodation was granted and, if so, provide a detailed account of the accommodation.  If the accommodation request is denied, the Defendant will report to the EEOC  any and all reasons for the denial, including whether such accommodation would have created an undue hardship to its business operations.

II. MONEY JUDGMENT. EEOC is entitled to judgment against Defendant for the backpay amount of $1,374,266.53 for the claimants it represents, based on the partial summary judgment dated September 18, 2012 (Docket # 36) and $1,600,000 based on the judgment entered on May 14, 2013 (Docket # 99), together with interest and costs as follows.

III. TERMS OF PREJUDGMENT INTEREST. Prejudgment interest on all wage and compensatory damages awarded to the victims of discrimination is properly calculated in this federal statutory employment discrimination action by applying the rate of the Internal Revenue Service under 26 U.S.C. section 6621 for underpayment of taxes. The point of commencement of accrual of prejudgment interest is April 6, 2007, two years before this lawsuit was filed.

Prejudgment interest in the total amount of $283,568.06 is awarded on the underlying backpay amount of $1,374,266.53 in accordance with the Court's Ruling which granted partial summary judgment on September 18, 2012 (Docket # 36). The amounts of interest for individual class members are set forth and itemized in attachments to the EEOC's Calculation, filed on October 18, 2012 (Docket #37).

Additional prejudgment interest shall be awarded on the post-trial compensatory damages reduced by Order of May 14, 2013, pursuant to the statutory caps of the Civil Rights Act of 1991, 42 U.S.C. section 1981a, which is applicable to the Americans with Disabilities Act (Docket # 98). Further, such prejudgment interest on compensatory damages in the amount of $36,667 per class member shall be awarded for a total of $4,315.91 per class member, and in the aggregate sum of $138,109.12.

IV. TAXED COSTS. The EEOC is awarded its costs (except for fees incurred for the work of expert witness Dr. Sue A. Gant) in the amounts set forth in the bill of costs submitted

by the EEOC on May 31, 2013 (Docket #105), totaling $10,487.54.

V. POST JUDGMENT INTEREST. Defendant shall pay post judgment interest, which will be applicable to any and all unpaid judgment sums, and which will accrue for as long as the judgment is not paid in full in accordance with this Court's orders and entry of partial summary judgment and this Final Judgment.

IT IS SO ORDERED.

Dated this 11th day of June, 2013.

_____
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT