IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 3:11-CV-00041 TJS |
| HILL COUNTRY FARMS, INC., d/b/a HENRY'S TURKEY SERVICE, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## EEOC'S UNRESISTED MOTION TO CORRECT CLERICAL ERROR IN FINAL JUDGMENT

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission"), pursuant to Federal Rule of Civil Procedure 60(a), respectfully files this Motion to Correct the Final Judgment. Specifically, the EEOC requests that this Court correct or amend the cited date for commencement of the accrual of prejudgment interest. The EEOC requests that the apparent clerical error in the Final Judgment be corrected to use the date for the accrual of interest that accurately coincides with the date that was, in fact, adopted by this Court for the calculation of monetary relief. The EEOC has conferred with Defendant prior to the filing of this motion, and defense counsel is unopposed to the proposed correction. In support of this Motion the EEOC states as follows:

Under Rule 60(a) Fed.R.Civ.P., a court may correct a clerical mistake or a mistake arising from oversight whenever one is found in a judgment. *See e.g., U.S. V. Mosbrucker,* 340 F.3d 664 (8th C$^{ir}$. 2003); *Estate of Rick ex rel. Rick v. Stevens,* 2001 WL 34008709 (N.D. Iowa

2001).  In this case, an inadvertent mistake was made when the prejudgment interest accrual date was identified as April 6, 2007, instead of February 24, 2007, the date that correctly coincides with the time frame set forth by the EEOC in its post-trial briefing, without objection by the Defendant, and relied upon by the Court for calculations on the awards of monetary relief.

.   On June 10, 2013, the Court conducted a telephonic hearing on post-trial matters which included calculation of prejudgment interest on damages awarded.  The Defendant asserted no objection to the calculations damages and prejudgment interest proposed in the EEOC's Supplemental Post-Trial Motion brief filed on June 6, 2013. ("Supplemental Motion," Docket #106)  The Court, therefore, informed the parties that the relief sought by the EEOC as set forth in its submission to the Court would be granted in its entirety as to the monetary damages as well as prejudgment interest, post judgment interest and costs.[1]

On June 11, 2013, the Court issued its Final Judgment with Interest and Costs (hereafter "Final Judgment") in this case.  In its Final Judgment, the Court found "credible, the calculations of prejudgment interest" on damages for lost wages and for compensatory damages submitted in the EEOC's supplemental motion (Docket #106)."   The Court, therefore, granted the EEOC's requested relief regarding prejudgment interest. (pp. 1-2 of Final Judgment). (Docket #108)

Section III of the Final Judgment, *Terms of Prejudgment Interest*, cites the "point of commencement of accrual of prejudgment interest" as "April 6, 2007, two years before this lawsuit was filed."   However, as set forth in the EEOC's Supplemental Motion the operative date upon which prejudgment interest begins to accrue on wages and other damages in an ADA case is the date of violation, as opposed to the date of filing of suit. (Docket # 106, pp. 7-8).  The time frame for the violations in this case was established to have its beginning point at February

---

[1] Defendant's objection to an award of the expert fees was considered and later granted.  That part of the Final Judgment ruling is not the subject of this motion.

24, 2007, two years prior to the date of the filing of the EEOC charge in February 2009 (Docket # 106, pp. 7-8). This time frame was affirmed and clearly set forth in this Court's Ruling on EEOC's Motion for Partial Summary Judgment("MPSJ") (Docket # 36), in "Application of Law to Facts" paragraph No. 3, pp. 10-11, and again in its closing paragraph on the granting of the MSPJ, at pp. 12-13). The EEOC Charge of Discrimination in this case was filed on February 24, 2009. Dispositive Fact No. 1, page 2 in Ruling on EEOC's MPSJ (Docket #36). The prejudgment interest accrual date noted in Section III of the Final Judgment should therefore be corrected to change the starting date of the accrual of prejudgment interest to February 24, 2007. [2] The EEOC respectfully requests that the Court correct what is apparently a clerical error under Fed. R. Civ. P. 60(a) with the following language in Section III, p. 6 of the Final Judgment: "The point of commencement of accrual of prejudgment interest is February 24, 2007, two years before the EEOC charge was filed."

Because the total damage calculations proposed by the EEOC, and adopted by the Court, are already in actuality based on this proper time frame, the requested correction will result in no change to the amounts of damages or interest awarded by the Court in the Final Judgment or to any substantive ruling by the Court on any issues or claims. The revised reference to the time frame will thereby accurately reflect the true time period represented by the damage awards granted in the Final Judgment, which time frame has been previously ruled upon as appropriate by this Court.

Wherefore, the Commission respectfully requests that this Court grant its motion and correct the Final Judgment as set forth above.

---

[2] 42 U.S.C. §2000e-5(g)(1) of Title VII of the Civil Rights Act of 1964, as amended and applicable to the ADA.

Respectfully submitted,

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas  75202
(TEL)  (214) 253-2764
(FAX) (214) 253-2749

## **CERTIFICATE OF CONFERENCE**

This is to certify that on June, 20, 2013, I conferred with Defendant's counsel, David Scieszinski, regarding the EEOC's Motion to Amend Final Judgment. Mr. Scieszinski confirmed that Defendant is not opposed to the Commission's motion and will file no response in resistance to the motion

/s/ Robert A. Canino
ROBERT A. CANINO

## **CERTIFICATE OF SERVICE**

This is to certify that on June 24, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendant's counsel, who is an EFC registrant.

/s/ Robert A. Canino
ROBERT A. CANINO